# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist RYAN R. BOOTHBY**
**United States Army, Appellant**

ARMY 20210445

Headquarters, Fort Liberty
Albert G. Courie III, Military Judge
Colonel Warren L. Wells, Staff Judge Advocate (pretrial)
Colonel Joseph B. Mackey, Staff Judge Advocate (post-trial)

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Captain Rachel M. Rose, JA (on brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Chase C. Cleveland, JA; Major Kalin P. Schlueter, JA (on brief).

28 November 2023

------------------------------
SUMMARY DISPOSITION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

POND, Judge:

Appellant requests this court grant appropriate relief for excessive post-trial delay where 583 days elapsed from adjournment to this court's receipt of appellant's 64-page record of trial. We agree and grant 15 days of sentencing relief.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of possession of child pornography and one specification of viewing child pornography in violation of Article 134,

Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced appellant to a bad-conduct discharge and seven months confinement.[*]

Appellant's court-martial adjourned on 27 July 2021. On 19 August 2021, the convening authority acted on appellant's requests for deferment and waiver and took no action on the findings or sentence. Almost a year after appellant's trial, on 21 July 2022, the military judge authenticated the record. Appellant's record then sat for seven months until 23 February 2023, when appellant demanded speedy post-trial processing. Four days later, the court reporter authenticated the record on 27 February 2023. This court received appellant's record of trial on 2 March 2023, 583 days after appellant's court-martial adjourned. Excluding 18 days of defense delay, the government took 565 days to process and forward appellant's 64-page record of trial for appellate review.

In explanation for the delay, the Acting Chief, Military Justice provided a memorandum in the record stating the delay was due to high turnover of their court reporter personnel and the abrupt vacancy of their post-trial paralegal. When appellant's court-martial adjourned, there was a backlog of twelve courts-martial constituting 104 hours of transcription. After the military judge authenticated appellant's record, their office prioritized the processing of cases older than appellant's, which included conducting redactions of ten records which did not include the record in this case.

## LAW AND DISCUSSION

This court reviews claims of excessive post-trial delay de novo. *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). When an appellant demonstrates excessive post-trial processing, this court has the discretion to determine whether relief is appropriate. *See* UCMJ Art. 66(d)(2).

In determining whether relief is appropriate, this court considers the totality of the circumstances "balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *United States v. Winfield*, 83 M.J. 662, 666 (Army Ct. Crim. App. 2023). But legitimate justifications of post-trial delay do not include issues with personnel and administration. *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). "To allow caseloads to become a factor in determining whether appellate

---

[*] Under segmented sentencing, the military judge sentenced appellant to seven months confinement for possessing child pornography in Specification 1 of The Charge and six months confinement for viewing child pornography in Specification 2 of The Charge to be served concurrently.

delay is excessive would allow administrative factors to trump the Article 66 and due process rights of appellants." *Moreno*, 63 M.J. at 137 (quoting *Diaz v. JAG of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003).

The post-trial processing delay of appellant's sixty-four-page record of trial is excessive. The unit's explanation of the delay does not justify it. The record was not authenticated until a year after appellant's trial after which it appears nothing happened for seven months until appellant demanded speedy post-trial processing. Appellant has alleged no prejudice and based upon the serious nature of the offenses of possessing and viewing child pornography, he received the benefit of his plea agreement. Even so, the government's delay in processing such a short record, even considering the backlog of cases and shortage of personnel, warrants appropriate relief.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Only so much of the sentence as provides for a bad-conduct discharge and six months and fifteen days of confinement is AFFIRMED.

Senior Judge WALKER and Judge PARKER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

3